# Chapman Township *versus* Herrold.

1. The official character of persons acting in the capacity of mustering officers of the government during the rebellion, known to the whole community and recognised by the public at large, is primâ facie to be assumed.

2. In an issue to determine whether the treasurer of a township was entitled to credit for bounties paid by him to volunteers, the mustering officers can prove their own acts and official papers, and persons who saw and heard the mustering officers taking in recruits and give their official papers evidencing it, can give evidence of these facts.

3. The papers thus evidenced may be submitted to the jury.

4. Certificates from the War Department of the mustering in of recruits are in no sense records importing absolute verity.

January 28th and 29th 1868.    Before THOMPSON, C. J., READ, AGNEW and SHARSWOOD, JJ.    STRONG, J., at Nisi Prius.

Error to the Court of Common Pleas of *Snyder county:* No. 140, to January Term 1868.

In the court below, this was a feigned issue directed on an appeal by Chapman township from the decision of the township auditors, crediting Abel Herrold, treasurer, with payments made by him for bounties to volunteers.

The court directed that Chapman township should be plaintiff, and Abel Herrold defendant, and the question in the issue was whether the defendant should be credited for bounties, $400 each, paid to Robert A. Sharpe, John Kane, John Harding, Steven Vangeeder, William Colwell, Charles A. Pinnor. The township alleged that these men had not been credited to the township.

On the trial before Woods, P. J., the defendant, under objection and exception, gave evidence as follows: by T. Stevens, Jr.,

[Chapman Township v. Herrold.]

that he was acting provost-marshal, that he mustered in John Kane to the credit of the plaintiff, and gave a certificate of the muster, &c.; also the certificate proved by Stevens.

By G. W. Swoop, that Lieutenant Smythe was acting as a mustering officer; that a certificate shown witness is Smythe's writing. By Captain Wilt, that he was captain of 205th regiment of infantry, and Sharpe's name was on the muster-roll of Company C, which witness produced; that the bounty was paid to Sharpe and credited to plaintiff. By W. G. Herrold, that he saw John Harding, Steven Vangeeder, Charles A. Pinnor and William Colwell mustered in at Camp Curtin by Drake DeKay and Thomas Ward, then acting as mustering officers of the United States, also the certificates of DeKay and Ward of the muster of the four men last named to the credit of the plaintiff.

The plaintiff gave evidence also of his payment of bounties to the six men in question.

The plaintiff then gave in evidence a certificate from the war department, from Captain Elliott, chief mustering officer, that Kane, Vangeeder and Pinnor were mustered in and credited to other localities than Chapman township, and that the names of Sharpe, Harding and Colwell were not to be found on the record; and certificates of authentication from the Adjutant-General and the Secretary of War.

The following points were submitted by the plaintiff, which were:—

1. The record of Secretary Stanton given in evidence by them is presumed to be absolutely true, and cannot be contradicted.

Answer: "As a general rule the records of any officer are supposed to be true, and the certificate of any officer in whose custody they are, is conclusive evidence that such records are on file in his office."

2. The certificates given in evidence by Abel Herrold all purport to have been made by subordinate officers, and must yield to the certificate in evidence by Chapman township, who are called the plaintiff in this issue.

Answer: "If it was the duty of Mr. Herrold to see that the proper papers were filed in the office of the Secretary of War or Provost-Marshal General's office, this would be correct, but as he had no control or authority to see that the subordinate officers did file the proper papers, it would not affect him in this issue, whether this record was correct or not, and we cannot, in this issue, answer as requested, although, as a general rule, it is correct, but as we said, it has no application to this issue."

4. Under all the evidence the proof is clear that John Harding and William Colwell were not credited at all to any district, and were never on the roll of the United States army for the western district of Pennsylvania, in which Chapman township is situate,

[Chapman Township *v.* Herrold.]

and the verdict so far as these two men are concerned, at least, must be for the township, who are the plaintiff.

Answer : " This we refuse to answer as requested, but refer it to you as a question of fact whether they were so credited or not."

6. If a single man mentioned in the issue and pleadings was not credited to Chapman township and paid, the verdict must be for the plaintiff, and the record from the office of Secretary Stanton is conclusive evidence that at least two of said men were not so credited, and the verdict must be for the plaintiff.

Answer : " The first part of this point we affirm and answer as requested, but refuse to answer the second part as requested, and leave it to you as a question of fact."

8. Under all the evidence the verdict must be for the plaintiff, at least so far as John Harding and William Colwell are concerned.

Answer: " This we refuse to answer as requested."

9. Chapman township is not liable to pay the bounty to any volunteer unless he was actually credited to said township, and it was the bounden duty of Abel Herrold to see that the volunteer was so credited before he paid him the bounty, and that it has not been shown that the men mentioned in this issue were credited to said township, and in the absence of legal proof that they were so credited to the township, plaintiff is entitled to recover.

Answer : " It was the duty of Mr. Herrold to see that the volunteer was credited to the township before he paid him the bounty, is most undoubtedly true ; whether the men mentioned in the issue were so credited we submit to you."

The verdict was for the defendant.

The plaintiff having taken out a writ of error, assigned for error the decision of the court in admitting evidence and the answers to the plaintiff's 1st, 2d, 4th, 6th, 8th and 9th points.

*J. C. Bucher* and *G. F. Miller*, for plaintiff in error.—A court is bound to give distinct answers to points : Pennsylvania Railroad *v.* Zebe, 9 Casey 318 ; Smith *v.* Thompson, 2 S. & R. 49 ; Noble *v.* McClintock, 6 W. & S. 58 ; Lack. & B. Railroad *v.* Chenewith, 2 P. F. Smith 382.

*A. C. Simpson,* for defendant in error.

The opinion of the court was delivered, February 10th 1868, by

AGNEW, J.—It is useless to examine in detail the errors assigned to the admission of the evidence. In substance they all come down to the same thing, that the officers of the United States engaged in the mustering in of volunteers cannot be called to prove their own acts and official papers, and that others who were actually present participating in the proceeding of putting in the

[Chapman Township *v.* Herrold.]

volunteers and obtaining the credits to the township of Chapman, and who saw and heard the mustering officers take them in and give their official papers evidencing their official acts, cannot make the same proof; and that these documents when thus clearly and fully proved cannot be put in evidence after the facts they evidence have been thus fully proved by the officers or by those who were actually present and knew them to take place.   Clearly they were evidence to go to the jury, leaving them to be disproved if the plaintiff could do so.   When officers acting in the capacity these were, known to the whole community, recognised by the public at large as lawfully engaged in a great public service of momentous importance, and whose want of authority would be at once challenged, and yet was doubted by no one, are thus engaged in the public service, their official character, especially when proved by themselves or their associates, should be assumed as existing at least in a primâ facie degree.   For all the purposes of this case they were to be deemed officers *de facto* in respect to the public, and it was only in this light the defendant was called upon to view them.   We discover no error in the bills of exception.

Nor do we perceive any error in the answers of the court to the points.   The copies of entries on the books of the War Department certified by Secretary Stanton were in no proper sense records importing absolute verity and were not conclusive evidence of the facts stated therein.   In point of reliability they were not so veritable as were the original certificates of the mustering officers, from whose reports these entries in the department were made.   The court gave all the weight that was proper to these so-called records.

This is a sufficient notice of the errors assigned to the answers to the 1st, 2d, 4th and 6th points.   The answers to the 8th and 9th points properly referred the facts to the jury.   Perceiving no error in the record the judgment is affirmed.